FILED
3/14/2022 12:05 PM
Kelly Ashmore
District Clerk
Grayson County

EXHIBIT C

CAUSE NO. _____

| | | |
|---|---|---|
| KRISTEN WEST, | § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § § | |
| V. | § | GRAYSON COUNTY, TEXAS |
| MERIDIAN SECURITY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | _____ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kristen West, ("Plaintiff"), and files **Plaintiff's Original Petition,** complaining of Meridian Security Insurance Company ("Meridian") or ("Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiff, Kristen West, resides in Grayson County, Texas.

3. Defendant, Meridian Security Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Meridian, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever they may be found**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Meridian because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Meridian's business activities in the state, including those in Grayson County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Grayson County, Texas because the insured property is located in Grayson County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Grayson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts Claims for breach of contract, common law bad faith, fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owned a Meridian insurance policy, number 1000880806 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 109 North Hickory Avenue, Denison, Texas 75020 ("the Property").

8. Meridian or its agent sold the Policy, insuring the Property, to Plaintiff. Meridian represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. Coverage for all perils began July 07, 2020 and ended July 07, 2021 ("Policy Period"). Meridian has refused the full extent of that coverage currently owed to Plaintiff.

9. The Property sustained extensive damage resulting from a severe storm that passed through the Grayson County, Texas area during the Policy Period.

10. In the aftermath of the storm, Plaintiff submitted a Claim to Meridian against the Policy

for damage to the Property. Meridian assigned Claim number PR-0000000-389447.3073926A (the "Claim") to Plaintiff's Claim. The claim was assigned a date of loss of February 28, 2021.

11. Plaintiff asked Meridian to cover the cost of damage to the Property pursuant to the Policy.

12. Meridian hired or assigned its agent, Robert F. Dysart ("Dysart"), to inspect and adjust the claim. Dysart conducted an inspection on or about September 29, 2021. Dysart did not investigate the weather at or near Plaintiff's property. Dysart pulled no storm reports, no wind reports and no hail reports. Dysart failed to provide any findings, conclusions or determinations related to weather to Plaintiff.

13. After failing to investigate, document and make final determination on storm activity during the policy period, Dysart represented to Plaintiff there was damage to the Property that amounted to $130.52. After application of depreciation and $1,315 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

14. Meridian, through its agent, Dysart, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. Meridian and Dysart have ultimately refused full coverage which includes, but is not limited to, damage to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. Specifically, the third-party inspector hired to review the damage to the Property found additional damage that was completely absent from Dysart's estimate.

16. The damage to Plaintiff's Property is currently estimated at $25,661.81.

17. Dysart had a vested interest in undervaluing the claims assigned to them by Meridian in

order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Dysart.

18. Furthermore, Dysart was aware of Plaintiff's $1,315 deductible prior to inspecting the Property. Dysart had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

19. Dysart misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Dysart made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Dysart misrepresented that the damage was caused by non-covered perils. Dysart used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, Meridian and Dysart improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, Meridian and Dysart misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. Meridian and Dysart made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Meridian and Dysart made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Dysart.

23. Plaintiff relied on Meridian and Dysart's misrepresentations, including but not limited to

those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Dysart, Meridian failed to assess the Claim thoroughly. Based upon Dysart's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Meridian failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because Meridian and Dysart failed to provide coverage for the Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, Meridian and Dysart failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Dysart performed an unreasonable and substandard inspection that allowed Meridian to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. Meridian and Dysart's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. Meridian and Dysart's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Meridian and Dysart have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to

Plaintiff under the Policy. Specifically, Meridian and Dysart have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. Meridian and Dysart's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Meridian and Dysart failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30. Additionally, after Meridian received statutory demand on or about January 11, 2022, Meridian has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31. Meridian and Dysart's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Dysart performed a biased and intentionally substandard inspection designed to allow Meridian to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Meridian and Dysart performed an outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Meridian's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Dysart's subpar inspection, Meridian failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. Meridian and Dysart's conduct constitutes a violation of the Texas Insurance Code, Prompt

Payment of Claims. TEX. INS. CODE §542.056. Due to Dysart's intentional undervaluation of Plaintiff's Claims, Meridian failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Dysart's understatement of the damage to the Property caused Meridian to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

35. Meridian and Dysart's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY

36. All paragraphs from the fact section of this petition are hereby incorporated into this section

### BREACH OF CONTRACT

37. Meridian is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Meridian and Plaintiff.

38. Meridian's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. All allegations above are incorporated herein.

40. Meridian's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Meridian's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42. Meridian's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Meridian's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43. Meridian's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44. Meridian's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. Meridian's unfair settlement practice of refusing to pay Plaintiff's Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46. All allegations above are incorporated herein.

47. Meridian's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

48. Meridian's failure to notify Plaintiff in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

49. Meridian's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. All allegations above are incorporated herein.

51. Meridian's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

52. Meridian's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, although, at that time, Meridian knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

53. All allegations above are incorporated herein.

54. Meridian's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Meridian pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Meridian. Specifically, Meridian's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Meridian has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Meridian's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. Meridian represented to Plaintiff that the Policy and Meridian's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C. Meridian also represented to Plaintiff that the Policy and Meridian's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Furthermore, Meridian advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Meridian breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Meridian's actions are unconscionable in that Meridian took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Meridian's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Meridian's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55. Each of the above-described acts, omissions, and failures of Meridian is a producing cause of Plaintiff's damages. All the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

56. All allegations above are incorporated herein.

57. Meridian is liable to Plaintiff for common-law fraud.

58. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Meridian knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

59. Meridian made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

60. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

61. Defendant waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

62. Since the Claim was made, Meridian has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's Claim in violation of the laws set forth above.

63. Plaintiff currently estimates that actual damages to the Property under the Policy are $25,661.81.

64. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff acts in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered

damages as a result.

65. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

66. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claim, consequential damages, together with attorney's fees.

67. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

68. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Meridian owed, exemplary damages, and damages for emotional distress.

70. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

71. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72. For the prosecution and collection of the Claims, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

73. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiff elects to plead out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## REQUIRED DISCLOSURES

74. Under Texas Rules of Civil Procedure 194, Defendant must disclose, within thirty (30) days of filing an answer or general appearance, the information or material described in Texas Rules of Civil Procedure 194.2, 194.3 and 194.4.

## JURY DEMAND

75. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Grayson County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Meridian Security Insurance Company, be cited and served to appear and that upon trial hereof, Plaintiff, Kristen West, recovers from Defendant, Meridian, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Kristen West, may show they are justly entitled.

Dated: March 14, 2022

(signature on following page)

Respectfully submitted,

By: /s/ *Michael D. Jack*

Chad T. Wilson
Bar No. 24079587
Michael D. Jack
Bar No. 24120920
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF